# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9351 | **DATE** | 5/2/2002 |
| **CASE TITLE** | US vs. Wieslaw Mietus (98 CR 386-1) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Mietus's section 2255 petition is denied. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 03 2002 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WIESLAW MIETUS, ) | |
| ) | |
| Plaintiff-Petitoner, ) | |
| ) | 01 C 9351 |
| vs. ) | |
| ) | 98 CR 386 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant-Respondent. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Wieslaw Mietus's ("Mietus") motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Mietus's motion is denied.

On March 15, 1999, a jury convicted Mietus of conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 151 months imprisonment followed by five years of supervised release. Mietus appealed his conviction, and the Seventh Circuit affirmed. United States v. Mietus, 237 F.3d 866 (7th Cir. 2001). Mietus filed the instant motion under section 2255 on December 6, 2001.

The legal framework for evaluating a section 2255 petition is well-established. Relief under section 2255 is limited to "an error of law that is jurisdictional,

constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Carreon v. United States, 578 F.2d 176, 179 (7th Cir. 1978) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). Before the court can decide whether a section 2255 petitioner's claim meets this standard, the court must first determine whether the claim asserted is procedurally barred. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989). A section 2255 petitioner is barred from raising three types of issues: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural defaults as well as actual prejudice from the failure to appeal. Unger v. United States, 8 F. Supp.2d 1151 (E.D. Wis. 1998); United States v. Johnson, 878 F. Supp. 1135, 1153 (N.D. Ill. 1995).

Mietus's collateral attack has two bases, both of which fall within the types of issues that a section 2255 petitioner is barred from raising. First, Mietus argues that the trial court imposed upon him a sentence exceeding the statutory maximum without submitting certain elements of the offense to the jury, in violation of the constitutional mandate of Apprendi v. New Jersey, 530 U.S. 466 (2000). He further argues that his indictment also was deficient pursuant to Apprendi. Mietus presented his Apprendi argument to the Seventh Circuit on his direct appeal of his conviction, and the Seventh Circuit rejected it. Mietus, 237 F.3d at 874-76. The Seventh Circuit found that Mietus's indictment complied with Apprendi, Mietus, 237 F.3d at 874, but that the

instructions to the jury did not. Id. at 875. Consequently, the Seventh Circuit continued its analysis by determining whether the Apprendi violation constituted reversible error. The court concluded that it did not under both the plain error analysis and the harmless error analysis. Id. at 874-75. Because Mietus's Apprendi argument was decided on direct appeal, he cannot assert it via a collateral attack unless he has made a showing of changed circumstances. Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992); Johnson, 878 F. Supp. at 1137. Mietus has not made this showing. His argument that United States v. Westmoreland, 240 F.3d 618 (7th Cir. 2000) constitutes such "changed circumstances" is not persuasive. Accordingly, Mietus is barred from raising his Apprendi argument in his section 2255 petition.

Second, Mietus contends that he received ineffective assistance of counsel in violation of his Sixth Amendment rights because the lawyer who represented him at his sentencing failed to argue the constitutional principle espoused in Apprendi. Although Apprendi was decided after Meitus's sentence hearing, he claims the constitutional mandate of Apprendi was foreshadowed in Jones v. United States, 526 U.S. 227 (1999), which had been decided before his sentencing hearing. Mietus's ineffective assistance of counsel argument falls within the third type of claim that a section 2255 petitioner is barred from raising in his petition; Mietus did not raise this constitutional argument on direct appeal.

Additionally, Mietus has not demonstrated actual prejudice resulting from his failure to appeal this issue. Mietus argues that he suffered prejudice because the Seventh Circuit decided to apply the less favorable plain error analysis rather than a

- 3 -

harmless error analysis after concluding that Meitus forfeited his <u>Apprendi</u> argument since he did not raise it before the trial court. Mietus's argument fails upon a close reading of the Seventh Circuit's opinion. Although the Seventh Circuit had decided that the plain error analysis applied, the court also made clear that Mietus's claims would have similarly failed under the harmless error analysis. <u>Id.</u> at 875. Accordingly, Mietus was not prejudiced by his counsel's failure to make an <u>Apprendi</u> argument at his sentencing. Because he did not raise this issue on direct appeal and has not shown cause for the procedural default or actual prejudice from his failure to appeal, Mietus's ineffective assistance of counsel claim is barred.[1]

For the foregoing reasons, Mietus's section 2255 petition is denied.

							Charles P. Kocoras
							United States District Judge

Dated: May 2, 2002

---

[1] We note that Mietus presents a second reason why he received ineffective assistance of counsel. However, Mietus raised this argument for the first time in his reply brief and, as such, we do not consider it. <u>Multi-Ad Services, Inc. v. N.L.R.B.</u>, 255 F.3d 363, 369 (7th Cir. 2001); <u>Wilson v. United States</u>, 149 F. Supp.2d 1045, 1049 (N.D. Ind. 2001).